UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

H&N Realty, Inc.,

    Plaintiff,

v.                                                                                            Civil Case No. 2:20-cv-12598

The Travelers Indemnity Co.
Of America, *et. al.*,                                                          Sean F. Cox
                                                                                              United States District Court Judge

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION TO DISMISS COUNT I

Plaintiff, H&N Realty, Inc. ("H&N") sued Defendant, The Travelers Indemnity Company of America ("Travelers") for breach of contract and Defendant, Citibank National Association ("Citibank") for violating the UCC 3-110(d). (Am. Compl, ECF No. 5). The matter currently before the Court is on Traveler's Motion to Dismiss Count I of H&N's Amended Complaint, brought pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). The Court held a hearing on March 18, 2021. For the reasons set forth below, the Court DENIES Traveler's motion to dismiss Count I of H&N's Amended Complaint because H&N has standing as a third-party beneficiary and has sufficiently alleged a breach of contract claim.

## BACKGROUND

On September 22, 2020, H&N commenced this action. (Compl. ECF No. 1). On October 8, 2020, H&N filed an Amended Complaint in response to a show cause order issued by this Court. (ECF No. 5). As such, that pleading superseded and replaced the original complaint. The

1

Amended Complaint alleges one count of Breach of Contract against Travelers (Count I) and one count alleging Citibank violated the Uniform Commercial Code 3-110(d) (Count II).

Because this matter comes before the Court on a motion to dismiss the Amended Complaint, the following allegations in H&N's Amended Complaint are taken as true. (ECF No. 10); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

Travelers issued an insurance policy (the "Policy") to Baby Buford, LLC covering the insured property for certain perils, including fire. (Am. Compl. at 2; ECF No. 10-1). The Policy contains a Loss Payable Provisions Endorsement, the Schedule to which identifies H&N as a "loss payee" for Location 7, which is the subject premises. (Am. Compl. at 2; ECF No. 10-1 at PageID 70). The policy's applicable Loss Payable Provisions Endorsement identifies H&N as a Building Owner loss payee.

On November 8, 2019, a fire occurred on the subject premises. (Am. Compl. at 2). On January 15, 2020, Travelers issued a check in the amount of $116,483.04 payable to both H&N and Baby Buford, LLC jointly for the building loss. (Am. Compl. at 2; ECF No. 10-2). The check was negotiated solely by the named insured, Baby Buford, LLC. (Am. Compl. at 2). Baby Buford, LLC then cashed it without H&N's endorsement. (Am. Compl. at 2; ECF No. 10-2).

When H&N did not receive the proceeds of the check, H&N presented Travelers with an affidavit showing that it was not paid and commenced this action. (Am. Compl. at 2).

---

[1] For the purposes of this motion, Travelers presumes that the factual allegations in H&N's Amended Complaint are true, except with respect to the terms of the certified insurance policy. (Def's Br. at 2).

2

## STANDARD OF REVIEW

**Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss brought under Rule 12(b)(1) is a challenge to the Court's subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself." *Id.* (emphasis in original). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id.* (emphasis in original). Here, Travelers attack the factual existence of subject matter jurisdiction. (*See* Def's Br. at 6-7).

"On such a motion, no presumptive truthfulness applies to the factual allegations" and this Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. "[W]hen a defendant produces evidence challenging the existence of standing, a plaintiff must generally prove standing with evidence, even at the motion-to-dismiss stage." *Harris v. Lexington-Fayette Urban Cnty. Govt.*, 685 F. App'x 470, 472 (6th Cir. 2017). And it is well established that the plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

Accordingly, "[t]o defeat a factual attack, a plaintiff 'must prove the existence of subject-matter-jurisdiction by a preponderance of the evidence" and is "obliged to submit facts through some evidentiary method to sustain his burden of proof.' " *Superior MRI Svs., Inc. v. Alliance Healthcare Svs., Inc.*, 778 F.3d 502, 504 (6th Cir. 2015) (citations omitted).

3

**Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts." *Id*.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## ANALYSIS

Because this Court sits in diversity, the substantive law of Michigan governs the claims in this case. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

Travelers argues that the Court does not have subject matter jurisdiction over the breach of contract claim because H&N does not have standing to bring a breach of contract action against Travelers pursuant to FED. R. CIV. P. 12(b)(1). (Def's Br. at 2). Travelers further argues that even if H&N had standing, H&N failed to state a claim upon which relief can be granted against Travelers. (Am. Compl. at 2). The Court will address the "12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

**Standing**

Travelers argues that this Court has no jurisdiction over H&N's breach of contract claim because H&N does not have standing to bring it. (Def's Br. at 8). "In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue." *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996). "When jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action." *Morell v. Star Taxi*, 343 Fed. App'x 54, 57 (6th Cir. 2009).

5

The Article III constitutional requirement of standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, a plaintiff must show that she has suffered an "injury" in fact. *Id*. She must have suffered a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). Second, a plaintiff must establish a causal connection between the alleged injury and the conduct of which she complains. *Lujan*, 504 U.S. at 560. The injury must be "fairly traceable to the defendant's actions. *Id*. Third, a plaintiff must demonstrate that the injury is redressable in the current action. *Vt. Agency*, 529 U.S. at 771.

Under Michigan law, "a litigant has standing whenever there is a legal cause of action." *Lansing Schools Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 372; 792 N.W.2d 686, 699 (2010).[2] An insurance policy is a contractual agreement between the insured and the insurer. *W. American Ins. Co. v. Meridian Mut. Ins. Co.*, 230 Mich. App. 305, 310 (1998). In order to have standing to sue for breach of the insurance contract, the plaintiff must show it either has (1) privity of contract or (2) third-party beneficiary status. *Danielkiewicz v. Whirlpool Corp.*, 426 F.Supp.3d 426, 431-432 (E.D. Mich. 2019); *National Sand v. Nagel Constr. Inc.*, 182 Mich. App. 327, 331 (1990).

In order to determine whether H&N has privity of contract with Travelers, the Court must look to Michigan law on loss payable clauses because H&N bases its breach of contract claim against Travelers on its status as a "Loss Payee" under the Policy. (Am. Compl. at 2). H&N

---

[2] A litigant may also have standing under Michigan law "where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing." *Lansing Schools Educ. Ass'n*, 487 Mich. at 372. This may occur "if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant." *Id*. However, H&N does not argue it has such standing in this case.

alleges that "Travelers has failed to pay Plaintiff as the building owner loss payee for some or all of the loss arising out of the fire." (Am. Compl. at 2).

In Michigan, the effect of a loss payable clause on a lienholder's interest depends on whether it is an ordinary or standard loss clause. *Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 383 (1992). Under an ordinary loss payable clause, "the lienholder is simply an appointee to receive the insurance fund to the extent of its interest . . . there is no privity of contract between the two parties because there is no consideration given by the lienholder to the insured." *Id*. at 383. "Under a standard loss payable clause, however, the lienholder has an independent contract with the insurer, and the lienholder's interests are unprotected regardless of any act or neglect by the mortgagor." *Van Reken v. Michigan Basic Property Ins. Ass'n*, No. 216478, 2001 WL 664579 at *2 (Mich. Ct. App. May 18, 2001) (summarizing *Foremost*, 439 Mich. at 384, 389).

The Policy provides as follows:

> 1. Loss Payable Clause
>
>> For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:
>>
>>> a. Adjust losses with you; and
>>>
>>> b. Pay any claim for loss or damage jointly to you and the Loss Payee. as interests may appear
>>
>> ***
>
> 4. Building Owner Loss Payable Clause
>
>> a. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building in which you are a tenant.

> b. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.
>
> c. We will adjust losses to tenants' improvements and betterments with you, unless the lease provides otherwise.

(ECF No. 10-1 at PageID 68-69). This appears to be an ordinary loss payable clause.[3]

Travelers argues this language makes H&N an ordinary loss payee because H&N is "simply an appointee of the named insured to receive insurance benefits to the extent of the loss payee's interest." (Def's Br. at 8). Thus, Travelers asserts that H&N has no privity of contract or third-party beneficiary status because "its rights are purely derivative of the named insured's." (Def's Br. at 8-9). H&N does not dispute that "an ordinary loss payee typically has no independent rights under a standard insurance policy." (Pl's Br. at 4). The thrust of H&N's argument is the language in the Building Owner Loss Payable Clause provides H&N with an independent right under the Policy. (Pl's Br. at 4-7).

The Court finds that H&N does not have privity of contract because the Policy is an ordinary loss payable clause, but H&N does have standing as an intended third-party beneficiary.

The Court concludes that the Policy imposes an affirmative duty on Travelers with respect to identified loss payees and thus makes loss payees third-party beneficiaries. MCL 600.1405; *Schmalfedt v. North Pointe Ins. Co.*, 469 Mich. 422, 428 (2003). Michigan's third-party beneficiary statute creates a cause of action for third parties when the contract specifically

---

[3] The two clauses are distinguishable based on the language in the contract. *Id*. at *2. "An ordinary loss payable clause "directs the insurer to pay the proceeds of the policy to the lienholder, as its interest may appear, before the insured receives payment on the policy." *Foremost*, 439 Mich. at 383. Whereas a "standard loss payable clause, however, is more specific and provides that mortgagees will be protected from loss based on any act or neglect of the insured." *Van Reken*, 2001 WL 664579 at *2 (citing 4 Couch, Insurance, 3d §65:8, p. 65-17; *Foremost*, 439 Mich. at 387 n 22, 388, 392 n 34).

intends to benefit them. *Schmalfeldt*, 469 Mich. at 428. H&N is identified as a loss payee with respect to the property at issue. (ECF No. 10-1 at PageID 70). Thus, the Policy evinces an express promise by Travelers to pay any claim for loss or damage to Baby Buford (the named insured) and H&N (the loss payee) jointly. (ECF No. 10-1 at PageID 68-69). Beyond the language of the contract, Travelers' actions indicate that they intended to benefit H&N because they issued a check to Baby Buford and H&N jointly. (ECF No. 10-2). This is consistent with a previous case in this District holding that loss payees are third-party beneficiaries for standing purposes under Michigan law. *Westfield Ins. Co. v. Milan 2000 Furnishings, Ltd.*, Case No. 11-12773, 2012 WL 5207532 (E.D. Mich. Oct. 22, 2012); *see also Wunschel v. Transcontinental Ins. Co.*, 17 Kan. App.2d 457, 839 P.2d 64, 69-70 (Kan. Ct. App. 1992) (citing cases to concluded that "the concept of a loss payee suing on an insurance contract as a third-party beneficiary is not a novel one"). Therefore, the Court finds that while loss payees do not have privity of contract under an ordinary loss payable clause, they are intended third-party beneficiaries and thus have standing under the contract. *Westfield Ins. Co.*, 2012 WL 5207532 at *5-6.[4]

For these reasons, the Court rejects Travelers' argument that H&N lacks standing to seek recovery from Travelers under the Policy.

---

[4] At the hearing, Defense counsel urged the Court to rely on a case from the Texas Court of Appeals instead. *Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 389 (Tex. Ct. App. 2012). But the Court is not inclined to find this case from the Texas Court of Appeals applying Texas law more persuasive than a case from this District applying Michigan law, which is the applicable law in this case.

**Failure to State a Claim**

"[C]onstruction and interpretation of an insurance contract is a question of law . . . ." *Henderson v. State Farm Fire and Casualty Co.*, 460 Mich. 348, 353 (1999). In this case, the Court interprets the language of the insurance policy and its terms in accordance with Michigan's well-established principles of contract construction. *Id*. "An insurance contract must be enforced in accordance with its terms. We will not hold an insurance company liable for a risk it did not assume." *Frankenmuth Mut. Ins. Co. v. Masters*, 460 Mich. 105, 111 (1999).

Michigan courts engage in a two-step process when determining coverage under an insurance policy: "(1) whether the general insuring agreements cover the loss and, if so, (2) whether an exclusion negates coverage." *K.V.G. Properties, Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 821 (6th Cir. 2018) (citing *Auto-Owners Ins. Co. v. Harrington*, 455 Mich. 377 (1997). Ambiguities in an insurance contract are construed in favor of the insured. *Masters*, 460 Mich. at 111. However, the court will not create an ambiguity where the terms of the contract are clear. *Id*. "The fact that a policy does not define a relevant term does not render the policy ambiguous." *Henderson*, 460 Mich. at 354. The Court "will interpret the terms of an insurance contract in accordance with their commonly used meaning." *Masters*, 460 Mich. at 111. (quotations removed). Whether contract language is ambiguous is a question of law. *Henderson*, 460 Mich. at 353. Where there is no ambiguity, the Court will enforce the terms of the contract as written. *Masters*, 460 Mich. at 111.

To survive a motion to dismiss, a claim only needs to be facially plausible. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. H&N has alleged that "Travelers has not paid Plaintiff as the check was negotiated by solely the named insured, Baby Buford, LLC" (ECF No. 5 at PageID 13). This is enough to survive a motion to dismiss when the Policy states that Travelers will "adjust the losses . . . with the loss payee" when the term "adjust" is not defined in the Policy. (ECF No. 10-1 at PageID 68-69). The term "adjust" in this contract is ambiguous, and ambiguities in an insurance contract are construed in favor of the insured. *Masters*, 460 Mich. at 111. Travelers' arguments over the interpretations of the words "adjust" and "pay" (Def's Reply at 6) seek to impose additional pleading requirements or raise issues more appropriately resolved at the summary judgment stage.

For the reasons above, the Court rejects Travelers' argument that H&N has failed to state a claim.

## CONCLUSION

For the reasons explained above, the Court DENIES Travelers' motion to dismiss Count I of the Amended Complaint because H&N has standing as an intended third-party beneficiary and has sufficiently alleged a breach of contract claim.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 30, 2021