UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

H&N Realty, Inc.,

    Plaintiff,

v.                                                                                    Civil Case No. 2:20-cv-12598

The Travelers Indemnity Co.
Of America, *et. al.*,                                              Sean F. Cox
                                                                                      United States District Court Judge

    Defendants

and

JP Morgan Chase Bank N.A., *et al*.

    Third Party Plaintiffs

v.

Baby Buford, LLC, *et al*.

    Third Party Defendants

and

The Travelers Indemnity Co.
Of America,

    Cross-Claimant,

v.

Citibank National Ass., *et al.*

    Cross-Defendant

and

1

JP Morgan Chase Bank N.A.

    Counter-Claimant

v.

H&N Realty, Inc.

and

Travelers Indemnity Co.
Of America

    Counter-Claimant

v.

H&N Realty, Inc.

Counter-Defendant.

_____/.

**OPINION AND ORDER**
**GRANTING CHASE'S MOTION FOR INTERPLEADER AND**
**DENYING TRAVELER'S MOTION FOR INTERPLEADER**

Plaintiff, H&N Realty, Inc. ("H&N") is suing Defendant, The Travelers Indemnity Company of America ("Travelers") for breach of contract and Defendant, Citibank National Association ("Citibank") and JP Morgan Chase Bank, N.A. ("Chase") for violating the UCC 3-110(d). (Am. Compl, ECF No. 32).

The matters currently before the Court are Chase's Motion to Interplead Funds (ECF No. 72) and Travelers' Motion to Interplead Funds (ECF No. 73). A hearing was held on Thursday, December 16, 2021. For the reasons set forth below, the Court shall DENY Travelers' motion (ECF No. 73) and GRANT Chase's motion (ECF No. 72) to the extent that:

2

(1) pursuant to 28 U.S.C. § 1335, the Clerk of the Court shall deposit the interpleader funds tendered by Chase into an interest-bearing account in accordance with Local Rule 67.1. The amount to be deposited is $116, 483.04, representing the original amount of the Check. The Clerk of the Court is hereby directed to deduct from the account any fee authorized by the Judicial Conference of the United States. Once deposited, the funds shall not be distributed until further order of this Court;

(2) Chase and Citibank shall be discharged from liability with respect to the payment of the Check in this case; and

(3) Counts II and III of the Second Amended Complaint shall be DISMISSED.

## BACKGROUND

On September 22, 2020, H&N commenced this action with claims only against Travelers and Citibank. (ECF No. 1). On November 5, 2020, Travelers filed a motion to dismiss. (ECF No. 23). At the hearing for that motion on March 18, 2021, the Court discussed adding Chase to the case with the parties. On May 24, 2021, H&N filed its Second Amended Complaint for Monetary Damages adding Chase as a defendant. (ECF No. 32). As such, that pleading superseded and replaced the original complaint.

The Second Amended Complaint alleges one count of Breach of Contract against Travelers (Count I); one count alleging Citibank violated the Uniform Commercial Code 3-110(d) (Count II); and one count alleging Chase violated the Uniform Commercial Code 3-110(d) (Count III). (ECF No. 32 at PageID 419).

The Second Amended Complaint alleges the following: Travelers issued an insurance policy (the "Policy") to Baby Buford, LLC ("Baby Buford") covering the insured property for

3

certain perils, including fire. (ECF No. 32 at PageID 419). The Policy identifies H&N as a Loss Payee (ECF No. 32 at PageID 419).

On November 8, 2019, a fire occurred on the subject premises. (ECF No. 32 at PageID 419). On January 15, 2020, Travelers issued a check (the "Check") in the amount of $116,483.04 payable to both H&N and Baby Buford jointly for the building loss.[1] (ECF No. 32 at PageID 420). The Check was negotiated solely by the named insured, Baby Buford. (ECF No. 32 at PageID 420). Baby Buford then cashed the Check at Chase without H&N's endorsement. (ECF No. 32 at PageID 420).

When H&N did not receive the proceeds of the Check, H&N presented Travelers with an affidavit showing that it was not paid and commenced this action. (ECF No. 32 at PageID 420).

On July 12, 2021, Chase filed a counterclaim and third-party complaint for interpleader and declaratory relief against H&N, Baby Buford, Baby Buford 23 Mile Rd LLC ("BB23"), and John Mallow ("Mallow"). (ECF No. 47).

On August 30, 2021, Travelers filed a counterclaim against H&N and a third-party complaint against Baby Buford, BB23, and Mallow. (ECF No. 64). Travelers alleges one count for interpleader against H&N, Mallow, Baby Buford, and BB23 (Count I), one count of breach of contract against Baby Buford and BB23 (Count II), one count of conversion against Baby Buford and BB23 (Count III), and one count of statutory conversion pursuant to M.C.L. 600.2919(a) against Baby Buford (Count IV). (ECF No. 64).

---

[1] The Second Amended Complaint alleges, that "A check was issued **by** Plaintiff" but this is clearly a typographical error – the check was issued **to** H&N not by H&N. (2nd Am. Compl. at 3).

In the counterclaims filed by Chase and Travelers, they assert that the Check was made payable jointly to four payees: H&N, Baby Buford, BB23, and Mallow. (ECF Nos. 47, 64).

On September 14, 2021, Chase filed a motion to interplead funds pursuant to FED. R. CIV. P. 22 and 67. (ECF No. 72). On that same day, Travelers also filed a motion to interplead funds pursuant to FED. R. CIV. P. 22 and 67. (ECF No. 73).

## ANALYSIS

"Interpleader is an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *U.S. v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (internal quotations omitted). Generally, an interpleader action proceeds in two stages as follows:

> During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

*Id.*

There are two vehicles by which a party can seek interpleader relief: (1) statutory interpleader, pursuant to 28 U.S.C. § 1335, and (2) rule-interpleader under Fed. R. Civ. P. 22.

Here, both Chase and Travelers seek to initiate their interpleader claims via rule-interpleader under Fed. R. Civ. P. 22. (ECF No. 72 at PageID 728, ECF No. 73 at PageID 744.)

**I. Chase's Motion for Interpleader**

5

The Court must determine whether Chase has properly invoked interpleader, including whether the Court has jurisdiction and whether Chase is threatened with double or multiple liability and whether any equitable concerns prevent the use of interpleader. *High Tech. Products*, 497 F.3d at 641.

"So long as there is diversity between the plaintiff stakeholder and the claimant defendants, and the jurisdictional amount is met, interpleader relief can be sought under Rule 22." *Anton v. SBC Global Services, Inc.*, Nos. 01-40098, 01-40213, 2010 WL 726512 (E.D. Mich. Feb. 24, 2010). Chase sufficiently alleges that the Court has diversity jurisdiction over Chase's Counter and Third-Party Complaint for Interpleader because all claimants – H&N, BB23, Baby Buford, and Mallow – are of diverse citizenship from Chase, which is the stakeholder. (ECF No. 47 at PageID 538).

In addition to establishing jurisdiction, Chase has shown that it has a reasonable and legitimate fear of exposure to multiple liability: "Chase, as the depository bank, faces multiple liability because of the payee's competing claims to the check proceeds. Chase has no interest in the proceeds from the check and merely desires protection for itself while this Court determines to whom such proceeds should be paid." (ECF No. 72, at PageID 726). "By depositing the funds into the Court, [Chase] can avoid the harm envisioned by the interpleader statute." *Tennyson v. Metropolitan Life Ins. Co.*, No. 16-13799, 2017 WL 7795936, at *3 (E.D. Mich. July 21, 217).

In Chase's motion, it asks the Court for two things: (1) Chase wants to deposit the proceeds of the Check in the amount of $116, 483.04 with the Court; and (2) Chase and Citibank want to be discharged from all liability associated with payment to the claimants and asks the Court to enjoin any further action against them in connection with this determination. (ECF No. 72).

### A. Depositing the Disputed Funds

First, Chase argues that it should be allowed to deposit the disputed funds. (ECF No. 72, at PageID 728). In support of this argument, Chase states:

> Chase is a disinterested stakeholder and does not dispute that the Check proceeds must be paid, but there are multiple possible claimants to the proceeds of the Check, which may expose Chase to multiple liability (even disregarding what it already has paid). The only issue is the determination of which Claimant is a proper payee and in what amount. Chase should be allowed to deposit the funds so that the competing claimants can litigate their alleged entitlement to the funds. *Metro Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997).

(ECF No. 72, at PageID 728).

H&N, Baby Buford, and BB23 do not object to Chase's interpleading of the Check. (ECF No. 76, PageID 766). H&N, Baby Buford, and BB23 also confirmed this at the hearing.

### B. Chase and Citibank's Liability

Second, Chase argues that Chase and Citibank should be broadly discharged from all liability associated with payment of the claimants and this Court should enjoin any further action against them in connection with this determination. (ECF No. 72, at PageID 721). H&N initially objected to the Court discharging Chase and Citibank from liability, but at the hearing, H&N withdrew its objection. Baby Buford, and BB23 do not object to Chase being released from liability in this case, but they do object to Chase being broadly released of all liability relating to the Check.

"The interpleader rule provides that a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action." *Sun Life Assur. Co. of Canada v. Thomas*, 735 F.Supp. 730, 732 (W.D. Mich.

1990) (citing *United Bank of Denver v. Oxford Properties, Inc.*, 683 F.Supp. 755, 756 (D. Colo. 1980; *Federal Sav. & Loan Ins. Corp. v. Bass*, 576 F.Supp. 848,851 (N.D. Ill. 1983)). "Absent the presence of bad faith on the part of the stakeholder *or the possibility that the stakeholder is independently liable*, discharge should be readily granted." *Id*. (emphasis added). *See also Prudential Insurance Co. of America v. Coopwood*, Case No. 17-14145, 2018 WL 8807139, (E.D. Mich. July 13, 2018) ("Pursuant to Rule 22, a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action.")

*1. H&N's Objections*

In the Second Amended Complaint, H&N has alleged that Chase and Citibank violated UCC-3-110(d), which was adopted in Michigan at M.C.L. 440.3110(4) (Counts II and III). H&N argued that "Chase is not an innocent party . . . [i]nstead, Chase's wrongful negotiation of the check was the impetus for [H&N] having to file this litigation." (ECF No. 76, at PageID 769). "It is true that where a claimant has an independent claim against a stakeholder, interpleader will not shield the latter from liability." *Protective Life Insurance Co., v. Patel*, Case No. 20-13289, 2021 WL 4060989 at *5 (E.D. Mich. Sept. 7, 2021).

Chase argued in its reply that H&N has not sufficiently stated a claim against Chase or Citibank in Count III because the Michigan Court of Appeals has held that banks "are not liable under M.C.L. § 440.3110(4)." *Palmar Enterprises, Inc. v. Huntington Banks of Mich*., 228 Mich. App. 727, 733 (1998) (holding that the depositary and drawee banks were not liable under M.C.L. § 440.3110(4) because the statute does not address the circumstances under, or extent to, which bank may be held liable for improperly paying a check).

At the hearing, H&N withdrew its objection to discharging Chase and Citibank from liability. Therefore, the Court shall dismiss Counts II and III of the Second Amended Complaint.

*2. BB23's Objections*

BB23 has not filed any claim against Chase in this case and does not object from Chase being dismissed from liability in this case. Rather, BB23 objects to Chase being broadly discharged from all liability related to the Check because BB23 has filed an arbitration action against Chase that "relates to the amounts interplead." (ECF No. 79, at PageID 866). BB23 described the arbitration demand as follows:

> BB23 is a customer of Chase pursuant to a certain deposit account agreement. Exhibit 1. On or about June 30, 2021 Chase froze funds being held in BB23's bank account, claiming that they are "related to" those funds that are the subject of Chase's interpleader motion here. BB23 has disputed that its account in any way has to do with the funds sought to be interplead here. On September 23, 2021, BB23 submitted its dispute with Chase over the frozen account to the American Arbitration Association (Exhibit 2), as expressly authorized pursuant to Article X of the deposit account agreement.

(ECF No. 79, at PageID 867). At the hearing, BB23 said that the funds at issue in the arbitration were not related to the proceeds of the Check and it had no opposition to Chase being dismissed from liability in this case. Chase disagreed and said that the funds at issue in the arbitration were related to the Check. Chase argues that "the Claimants should be enjoined from instituting or prosecuting any further proceeds regarding the Check proceeds in any court or forum." (ECF No. 81, at PageID 913). The Court declines to go as far as to enjoin BB23 from pursuing its claim in the arbitration.

"The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 450-451

9

(6th Cir. 2005). The Court has not been provided the arbitration demand. The Court does not know what issues are involved in the arbitration, and even if the Court did know, the FAA precludes the Court from ruling upon them. The Court is in no position to enjoin BB23 from pursuing its arbitration action.

Chase relies on *Sun Life* to support its assertion that it should be discharged from "all liability associated with the determination of the amount of payment, if any, to each of the Claimants." (ECF No. 72, at PageID 729). However, *Sun Life* explicitly states that "a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged *from the action*." 735 F.Supp. at 732 (emphasis added). Chase is asking the Court to go further. Chase has not provided the Court with authority to enjoin BB23 from pursuing its arbitration action. Therefore, the Court cannot grant Chase's request to broadly release it from all liability in the pending arbitration.

Again, BB23 has not initiated any claim against Chase in this action. BB23's claims against Chase in the arbitration are not before this Court. BB23 does not object to Chase being released from liability *in this case*. Therefore, the Court shall discharge Chase from liability as to the payment of the Check *in this case*.

The Court notes that the parties have not applied for a stay of the current action pending arbitration. The FAA "instructs that 'upon being satisfied that the issue involved in such a suit or proceeding is referable to arbitration,' the court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.'" *Hilton v. Midland Funding, LLC*, 687 Fed.App'x. 515, 518 (6th Cir. 2017) (citing 9 U.S.C. § 3). Chase

10

briefly argues that "should BB 23 be allowed to proceed with its arbitration claim against Chase, this matter should be stayed in its entirety until that arbitration is concluded, to avoid the possibility of double recovery from Chase if it remains a party to this suit." (ECF No. 81, at PageID 914). This brief mention of a stay in their reply brief is not sufficient for the Court to stay the proceedings. "The FAA requires a court to stay proceedings pending arbitration only 'on the application of one of the parties.' 9 U.S.C. § 3. Vague references to a stay do not constitute a request for a stay." *Hilton*, 687 F.App'x at 519. If Chase wanted the Court to stay the proceedings rather than dismiss them, Chase "needed to explicitly request a stay." *Id*. (holding that "[b]ecause none of the parties in this case requested a stay of proceedings, the district court did not err by dismissing the case without prejudice.").

## II. Travelers' Motion for Interpleader

Travelers has also filed a motion for interpleader, but it is not for the proceeds of the Check. (ECF No. 73). Rather, "Travelers has determined that there is an additional $19,220.34 in actual cash value proceeds that are due and payable under the policy." (ECF No. 73, at PageID 744). "Travelers concurrently seeks to interplead an additional $19,220.34, representing the remainder of the actual cash value building payment. ("additional proceeds")." (ECF No. 73, at PageID 744).

First, the Court must determine whether Chase has properly invoked interpleader, including whether the Court has jurisdiction and whether Chase is threatened with double or multiple liability and whether any equitable concerns prevent the use of interpleader. *High Tech. Products*, 497 F.3d at 641.

"So long as there is diversity between the plaintiff stakeholder and the claimant defendants, and the jurisdictional amount is met, interpleader relief can be sought under Rule 22." *Anton v.*

*SBC Global Services, Inc.*, Nos. 01-40098, 01-40213, 2010 WL 726512 (E.D. Mich. Feb. 24, 2010). Travelers sufficiently alleges that the Court has diversity jurisdiction over Travelers' Counter and Third-Party Complaint for Interpleader because all claimants – H&N, BB23, Baby Buford, and Mallow – are of diverse citizenship from Chase, which is the stakeholder. (ECF No. 47 at PageID 538).

In addition to establishing jurisdiction, Travelers has shown that it has a reasonable and legitimate fear of exposure to multiple liability:

> Because H&N, Mallow, and Baby Buford maintain an entitlement to the original payment and the additional proceeds, Travelers is unsure to whom payment should be issued in light of the competing claims to the proceeds by the Claimants. Because H&N, Mallow, and Baby Buford have alleged that they have interests that may entitle them to the proceeds of the insurance claim, Travelers may be subject to double, additional or multiple liability if payment is made to any party.

(ECF No. 64, at PageID 659).

**A. Depositing the Disputed Funds**

First, Travelers argues that it should be allowed to deposit the disputed funds. (ECF No. 72, at PageID 728). Travelers argues that "[b]ecause all Claimants have asserted competing claims to these insurance proceeds and Travelers is in doubt as to whom the proceeds should be paid it has filed its Counterclaim and Third-Party Claim for Interpleader of these additional proceeds." (ECF No. 73, at PageID 744). Baby Buford and BB23 do not object to Chase's interpleading of the Check. (ECF No. 78). In H&N's brief, it objected to the depositing of the funds, but at the hearing, it withdrew that objection, stating that it does not object to the deposit.

**B. Travelers' Liability**

Travelers also argues that it should be discharged from further liability associated with the $19,220.34 it wishes to interplead. Further, Travelers wishes to be discharged from liability as to the proceeds from the Check (the $116, 483.04).

As established above in analysis on Chase's motion, "the possibility that the stakeholder is independently liable" precludes a Court from discharging a stakeholder from liability. *See Sun Life*, 735 F.Supp. at 732. Here, in the Second Amended Complaint, H&N has alleged a breach of contract claim against Travelers (Count I) "for some or all of the loss arising out of the fire." (ECF No. 32, at PageID 420). In light of Count I and H&N's objection, the Court is not going to discharge Travelers from liability from either the proceeds of the Check (the $116, 483.04) or the additional proceeds (the $19,220.34) at this stage of the litigation.

At the hearing, the Court asked Travelers if it still wanted to deposit the $19,220.34 if the Court did not discharge it from liability, Travelers said no.

Therefore, the Court DENIES Travelers' motion in its entirety.

## CONCLUSION

For the reasons explained above, the Court GRANTS Chase's motion to the extent that Court ORDERS:

(1) pursuant to 28 U.S.C. § 1335, the Clerk of the Court shall deposit the interpleader funds tendered by Chase into an interest-bearing account in accordance with Local Rule 67.1. The amount to be deposited is $116, 483.04, representing the original amount of the Check. The Clerk of the Court is hereby directed to deduct from the account any fee authorized by the Judicial Conference of the United States. Once deposited, the funds shall not be distributed until further order of this Court;

(2) Chase and Citibank are discharged from liability with respect to the payment of the Check in this case; and

(3) Counts II and III of the Second Amended Complaint are DISMISSED.

For reasons explained above, the Court DENIES Travelers' motion (ECF No. 73).

**IT IS SO ORDERED.**

                                                      s/Sean F. Cox
                                                     Sean F. Cox
                                                     United States District Judge

Dated: January 6, 2022